## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|                                    |   |                          |
|------------------------------------|---|--------------------------|
| NICHOLAS FIORILLO, Trustee,        | ) |                          |
|                                    | ) |                          |
| Plaintiff,                         | ) |                          |
|                                    | ) | **CIVIL ACTION**         |
| v.                                 | ) | **NO. 14-40080-TSH**     |
|                                    | ) |                          |
| KEVIN CURTIN, et al.,              | ) |                          |
|                                    | ) |                          |
| Defendants.                        | ) |                          |

_____

## ORDER ON DEFENDANT MARK WINIKER'S MOTION TO REJECT NOTICES OF DISMISSAL (Docket No. 26)
### July 9, 2014

HILLMAN, D.J.

Plaintiff Nicholas Fiorillo ("Plaintiff") has filed notices of dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(i) as to the following defendants: (1) Kevin M. Curtis, (2) Curtis Properties, LLC, (3) Metrowest Property Management, (4) Holliston Masonry, Inc., and (5) Tina Brenn. Fed.R.Civ.P. 41(a)(1)(i) allows a plaintiff to voluntarily dismiss an action without a court order by filing a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." None of the above listed defendants has filed either an answer or motion for summary judgment.

Defendant Mark Winiker ("Winiker") has filed a motion asking this Court to reject the notices of dismissal, arguing that if several defendants have appeared, the case may only be dismissed if all defendants agree to the dismissal or by order of the court. This requirement does not appear in Rule 41(a)(1)(i), and has been rejected by Courts in this District. In *Leroux v. Lomas & Nettleton Co*, the Court held that "where Rule 41 speaks of an 'action,' this means all of

1

the claims against any one defendant, and not necessarily all of the claims against all defendants," and therefore the plaintiff could utilize a Notice of Dismissal to drop only one of several defendants. 626 F. Supp. 962, 966 (D. Mass. 1986); *see Terry v. Pearlman*, 42 F.R.D. 335, 337 (D. Mass. 1967) ("I interpret the word 'action' as used in Rule 41(a)(1) to mean all of the claims against any one defendant, and not necessarily all of the claims against all of the defendants. I conclude, therefore, that a dismissal by notice under Rule 41(a)(1)(i) can be effective against less than all defendants."); *Plains Growers, Inc. v. Ickes-Brown Glasshouses, Inc.*, 474 F.2d 250, 254–255 (5th Cir. 1973) (concluding that "it was intended by the rule makers to permit dismissal against such defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against the other defendants"). This Court agrees, and finds there is nothing in the rule to suggest that Plaintiff should not be allowed to file notices of dismissal under Fed.R.Civ.P. 41(a)(1)(i) against those defendants who have yet to file either an answer or motion for summary judgment. Winiker's Motion to Reject Notices of Dismissal is, therefore, ***denied***.

SO ORDERED.


/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE