## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| NICHOLAS FIORILLO, TRUSTEE OF THE FIORILLO FAMILY REVOCABLE TRUST AND THE 18 PENN AVENUE REALTY TRUST, | ) ) ) ) ) | CIVIL ACTION<br><br>NO. 4:14-CV-40080-TSH |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| FELICIO LANA, MARK WINIKER, CANAL MARKETPLACE DEVELOPMENT LLC, AND THE 426 MAIN STREET REALTY LLC, | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

_____ )

## MEMORANDUM AND ORDER ON FELICIO LANA'S MOTION FOR SUMMARY JUDGMENT (Docket No. 107), PLAINTIFF'S CROSS-MOTION TO STRIKE (Docket No. 118), MARK WINIKER AND CANAL MARKETPLACE DEVELOPMENT, LLC'S MOTION TO ASSESS ATTORNEY'S FEES (Docket No. 110), AND PLAINTIFF'S MOTION TO REMAND OR DISMISS (Docket No. 126)

### May 6, 2016

HILLMAN, D.J.

This convoluted dispute arises from several real estate transactions involving Nicholas Fiorillo (Plaintiff) and various other parties. Defendant Felicio Lana has moved for summary judgment, and Plaintiff has cross-moved to strike Lana's supporting affidavit. Defendants Mark Winiker and Canal Marketplace Development, LLC (Canal Marketplace), who were granted summary judgment in December of 2015, move for attorney's fees. Most recently, Plaintiff has moved to remand the case to state court or, in the alternative, to dismiss.

Because Plaintiff lacks standing to bring his claims in the capacity of trustee, Lana's motion for summary judgment (Docket No. 107) is ***granted***.  Plaintiff's motion to strike (Docket No. 118) is ***granted*** in part and ***denied*** in part.  Winiker and Canal Marketplace's motion for attorney's fees (Docket No. 110) is ***granted***.  Plaintiff's motion to remand (Docket No. 126) is ***denied*** as moot.

## Background

The following facts are derived from Lana's Statement of Material Facts and the exhibits attached to his motion.[1]  In July of 2004, an entity known as "426 Main Street Realty, LLC" (426 LLC) purchased real property located at 426 Main Street in Worcester, Massachusetts (426 Property) from Mark Winiker.  At that time, the 426 LLC's sole member was Perry Boudreau.  As consideration for the sale of the property, the 426 LLC gave Winiker a note for the purchase price secured by a mortgage encumbering the 426 Property.  In 2009, Boudreau sold his membership interest in the 426 LLC to Fiorillo.  As the holder of the mortgage, Winiker approved of the sale of this membership interest.  The agreement between Boudreau and Fiorillo provided that if Fiorillo were to commit an act of default, the membership interest in the 426 LLC would revert back to Boudreau.  Fiorillo immediately defaulted by failing to tender any of the payments due under the agreement.  Boudreau reclaimed his membership interest.

In January of 2011, Fiorillo entered into a partnership agreement with Kevin Curtis, for the purpose of purchasing and managing real estate.  Lana was aware of this partnership arrangement but did not know the details of the agreement.  Around that same time, Curtis entered into an agreement to purchase the membership interest in the 426 LLC from Boudreau.  Like the previous

---

[1] Plaintiff has submitted a response to Lana's statement of material facts, in which he claims many factual disputes.  However, Plaintiff has not cited to affidavits, depositions, or other appropriate documentation to support his claims.  Accordingly, this Court considers Lana's statement of material facts to be admitted for the purposes the instant motions. *See* Local Rule 56.1.

agreement with Fiorillo, the agreement with Curtis provided that the interest would revert back to Boudreau if Curtis defaulted.  Curtis defaulted, and Boudreau reclaimed his membership interest, sometime in or before January of 2014.

Lana is an individual who owns a property management business called Northeast Properties.  In or around December of 2013, when Curtis was in default, Lana learned that Boudreau was potentially going to sell the 426 Property.  At or around the same time, Curtis introduced Lana to Boudreau and Winiker.  Lana and Curtis owned neighboring properties in Worcester and had been familiar with one another for a few years.

While Lana and Boudreau were negotiating Lana's purchase of the 426 Property, Lana took over the property's management.  He took over the management responsibilities under the belief that he would eventually own the property.  Lana collected the rents and paid the bills.  He invested a substantial amount of time into managing the property and spent more than $57,000 on repairs.  He collected $20,750 in rent.  Lana did not apply for any loans in connection with the 426 Property, nor did he file any insurance claims, nor did he steal any equipment from the property. He did not represent to any third parties that he had an ownership interest in the property.

In April of 2014, Fiorillo filed the present action in state court against numerous defendants, alleging various state and federal causes of action.  He brought the suit in his capacity as trustee of the Fiorillo Family Revocable Trust and the 18 Penn Avenue Realty Trust.  This lawsuit has prevented Boudreau from selling the 426 Property to Lana.  On December 1, 2015, after a tortured procedural history, this Court granted summary judgment in favor of Defendants Mark Winiker and Canal Marketplace, on the ground that the Plaintiff lacked standing to bring this suit as a trustee.  These Defendants moved for attorney's fees on December 21, 2015, on the basis that Fiorillo's claims against them were frivolous.  Fiorillo did not file an opposition to this

motion until four months later, in April of 2016, after this Court prompted his counsel to do so during oral argument on Lana's motion for summary judgment.

The following counts remain against Lana: "tortious interference in contractual or advantageous relations and Mass. Gen. Laws ch. 93A" (count I); violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*. (count II); civil RICO conspiracy in violation of 18 U.S.C. §§ 1962(d), 1964(c) (count III); unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A, § 11 (count IX); conversion (count X); and "conspiracy and conversion" (count XIII).  On December 17, 2015, Lana moved for summary judgment.  On January 25, 2016, Plaintiff moved to strike Lana's supporting affidavit.  Then, on April 12, 2016, Plaintiff moved to remand the case to Superior Court or alternatively to dismiss without prejudice.

### **Standards of Review**

#### *Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment if the moving party shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A factual dispute precludes summary judgment if it is both "genuine" and "material." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986).  An issue is "genuine" when the evidence is such that a reasonable factfinder could resolve the point in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994).  A fact is "material" when it might affect the outcome of the suit under the applicable law. *Id*.

When considering a motion for summary judgment, the Court construes the record in the light most favorable to the nonmoving party and makes all reasonable inferences in favor thereof. *Sensing v. Outback Steakhouse of Florida*, LLC, 575 F.3d 145, 153 (1st Cir. 2009).  The moving

party bears the burden of demonstrating the absence of a genuine issue of material fact within the record. *Id.* at 152. "Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come forward with facts that show a genuine issue for trial." *Id.* (quoting *Carroll v. Xerox Corp.,* 294 F.3d 231, 236 (1st Cir. 2002)).

"[T]he nonmoving party may not rest upon mere allegations or denials of the [movant's] pleading, but must set forth specific facts showing that there is a genuine issue of material fact as to each issue upon which he [or she] would bear the ultimate burden of proof at trial." *Id.* (quoting *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997)) (citation omitted). The nonmoving party cannot rely on "conclusory allegations" or "improbable inferences." *Id.* (quoting *Carroll,* 294 F.3d at 236-37) (citation omitted). "The test is whether, as to each essential element, there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* (quoting *DeNovellis,* 124 F.3d at 306) (citation omitted).

<u>*Rule 11 Sanctions*</u>

Under Rule 11 of the Federal Rules of Civil Procedure, a court may "impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." *CQ Int'l Co., Inc. v. Rochem Intern., Inc., USA,* 659 F.3d 53, 60 (1st Cir. 2011); *see* Fed. R. Civ. P. 11(c)(1). The use of sanctions "serves two main purposes: deterrence and compensation." *Navarro–Ayala v. Nunez,* 968 F.2d 1421, 1426 (1st Cir. 1992). Rule 11 is a "potent weapon." *Id.* Accordingly, "a judge should resort to [sanctions] only when reasonably necessary—and then with due circumspection." *United States v. Figueroa–Arenas,* 292 F.3d 276, 279 (1st Cir. 2002) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991)).

## Discussion

Fiorillo brought this suit in his capacity as trustee of the Fiorillo Family Revocable Trust and the 18 Penn Avenue Realty Trust (the trusts).  He is not named as an individual Plaintiff.[2] However, to the extent that Fiorillo was involved in any transactions giving rise to this lawsuit, there is no indication that he was acting in his capacity as trustee.  On December 1, 2015, this Court granted summary judgment in favor of Mark Winiker and Canal Marketplace on the ground that Fiorillo lacked standing to bring this suit as a trustee.   Apparently in response to this disposition, he has since submitted an affidavit, in an attempt to overcome this fatal flaw in his lawsuit.  This affidavit reads, in its entirety, as follows:

> The Fiorillo Family Revocable Trust, by its trustee and 18 Penn Avenue Realty Trust, by its trustee ("the Trusts"), hereby swear under oath, ratify and confirm that at all relevant times as set forth in the second amended verified complaint with regard to its doings and conduct as set forth in that certain litigation described as "Case 4:14-cv-40080-TSH *Nicholas Fiorillo v. Webster First Federal Credit Union et al*," that Nicholas Fiorillo acted on behalf of or for the benefit of the Trusts as partners.

(Docket No. 119-4 at 1.)  In the face of a record entirely devoid of evidence that Fiorillo acted on behalf of the trusts in any of the transactions relevant to this case, this affidavit is woefully insufficient.  For the reasons explained in this Court's order of December 1, 2015, Fiorillo, as trustee of the trusts, lacks standing to bring the instant claims. Lana is entitled to summary judgment on all claims against him.

---

[2] In his Second Amended Complaint, Fiorillo's name—as an individual rather than a trustee—was added under a section titled "parties."  This Court reminded Fiorillo in an electronic order dated January 20, 2015 that his leave to file a second amended complaint had not contemplated the adding of new parties.  Despite this notice, Fiorillo made no attempt to add himself as a Plaintiff in accordance with Rule 15 of the Federal Rules of Civil Procedure or Local Rule 15.1. Accordingly, Fiorillo is not currently an individual plaintiff in this lawsuit.

Regarding Fiorillo's motion to strike, it is well-established that supporting affidavits must be made on personal knowledge, setting forth facts that would be admissible in evidence. Fed. R. Civ. P. 56(e). Paragraph four of Lana's affidavit contains inadmissible hearsay. Accordingly, this paragraph is stricken. The reminder of the affidavit is admissible.

The record of this case is devoid of any evidentiary basis showing that Fiorillo had standing to bring this action on behalf of the two trusts. If such evidence exists, it has not been presented to the court. Nevertheless, Fiorillo has pursued this action for two years, causing his opponents to incur significant expense. In January of 2015, more than one year ago, this Court warned Fiorillo that, if he wished to add himself as an individual party to this action, he would have to do so under the applicable rules of procedure. Instead, he chose to proceed with only the trusts named as Plaintiffs in his complaint. After Winiker and Canal Marketplace conducted discovery and moved for summary judgment, raising the issue of standing, Fiorillo failed to respond to this argument in his papers, claiming during oral argument that the issue had never been asserted. Then, after receiving the instant motion for fees, Fiorillo declined to respond until this Court prompted him to do so, nearly four months after the motion had been filed. That response continues to argue that he was acting on behalf of the trusts at all times, but points to no evidence in support of this conclusion.[3] Winiker and Canal Marketplace are entitled to their reasonable fees for defending against this frivolous suit.

---

[3] In a futile attempt to show that he was acting on behalf of the trusts, Fiorillo has attached a copy of a settlement agreement resolving his claims against former-Defendant Kevin Curtis. I am familiar with this agreement, as it was already part of the summary judgment record. The agreement was executed in June of 2014, shortly before the case was removed to this Court. Fiorillo executed the agreement on behalf of the trusts; as he had to have done, because it memorialized the resolution of claims brought by himself as trustee against Curtis. This agreement does not constitute evidence that Fiorillo was acting on behalf of the trusts during any of the transactions that gave rise to this suit.

The remaining Defendants in this case are Perry Boudreau, the 426 Main Street LLC, and A-Affordable Insurance, LLC.  The 426 Main Street LLC has been listed as a party since this suit began, and Perry Boudreau and A-Affordable insurance, LLC were purportedly added to the docket on January 15, 2015.  However, there is no evidence that any of these parties were served with process.  Accordingly, the claims against them are dismissed.

### Conclusion

For the reasons set forth above, Defendant Felicio Lana's motion for summary judgment (Docket No. 107) is ***granted***.  Plaintiff's motion to strike (Docket No. 118) is ***granted*** with regard to paragraph four of Felicio Lana's affidavit but is otherwise ***denied***.  Judgment shall enter for Felicio Lana on counts I, II, III, IX, X, and XIII.

Winiker and Canal Marketplace Development, LLC's motion for attorney's fees (Docket No. 110) is ***granted*** in the amount of $21,385.56.

All remaining claims against Perry Boudreau, the 426 Main Street LLC, and A-Affordable Insurance, LLC are hereby ***dismissed***.

Because no claims remain in this lawsuit, Plaintiff's motion to remand or dismiss (Docket No. 126) is ***denied*** as moot.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**